DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the judgment of the Lucas County Court of Common Pleas, which dismissed the complaint of appellant, Marvin K. Jacobs, Trustee. On appeal, appellant asserts the following assignments of error:
 "1. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S CLAIMS DESPITE THE ADMISSION OF AN ASSIGNMENT BY DEFENDANTS.
 "2. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THERE WAS NO VALID ASSIGNMENT OR CONSIDERATION FOR AN ASSIGNMENT.
 "3. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S CLAIM.
 "4. THE MORTGAGE ASSIGNED TO PLAINTIFF SURVIVED THE ASSIGNMENT AND IN REM PROCEEDINGS, AND IS THEREFORE VALID."
The complaint in this case was first dismissed in 1998 by the court, sua sponte pursuant to Civ.R. 17(A), because appellant was not the real party in interest. We reversed on appeal, Case No. L-98-1045, and the case was remanded to the trial court for further proceedings. By a judgment journalized August 24, 1999, the complaint was again dismissed after the court found that there was no consideration for the assignment of the mortgage and note.
While the trial court stated that it was dismissing appellant's complaint, we find that its decision was really a judgment on the merits in favor of appellees. The court indicated that it considered all of the evidence, arguments, and law, and concluded that there was no valid assignment of the mortgage and note because there was a failure of consideration. No basis forsua sponte dismissing the complaint was given. Therefore, on appeal, our standard of review is whether the trial court erred as a matter of law or whether the judgment is supported by competent and sufficient evidence.
In his first assignment of error, appellant asserts that the trial court erred by not accepting the assignment of the mortgage and note as a valid assignment when appellee failed to deny this averment in his answer to the complaint.
Civ.R. 8(D) provides in pertinent part that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Therefore, courts have consistently held that the failure to deny an averment in the complaint is tantamount to an admission. Fair v. Meijer, Inc. (Mar. 3, 1994), Franklin App. No. 93AP-883, unreported, and Lorain Broadway Realty,Inc. v. Hoban (June 6, 1990), Lorain App. No. 89CA004690, unreported. However, some courts are willing to look beyond the individual failure to deny to consider the overall position of the defendant to ensure that the failure to deny was not just oversight. See Marderv. Thompson (Nov. 3, 1986), Clermont App. No. CA86-04-030, unreported (failure to deny one averment must be construed in light of the answers to the other averments) and Stepp v. Rogers (Dec. 9, 1985), Ross App. No. 979, unreported (justice is better served if the case is decided on the merits than on inadvertent technical pleading defaults).
In this case, appellant averred in his complaint that:
 "2. Plaintiff says that said obligation arose out of a Note and Mortgage executed on March 23, 1987 and recorded on March 24, 1987 in Mortgage Records 87 0506C07 of Mortgages of Lucas County, Ohio which Mortgage on real estate described in Exhibit A and other real estate is attached hereto and made a part hereof as Exhibit B; That thereafter said Note and Mortgage on real estate described in Paragraph 1 was assigned to the Plaintiff by National City Bank Northwest as the Successor-In-Interest of Ohio Citizens Bank, the original mortgagee."
and that:
 "4. Said Mortgage constitutes a valid first lien upon the real estate described therein and said Mortgage assignment was recorded on October 12, 1993 in 93 046A04 of Mortgages."
Appellees admitted the truth of paragraphs two and four in their answer. However, on appeal, they contend that they admitted these facts only because they appeared legitimate on their face rather than because they could be sustained by the evidence.
We find that appellees' admission of the facts in paragraphs two and four of the complaint were not an admission that the assignment of the note and mortgage were valid. Appellees merely admitted that an assignment existed. The issue of whether the assignment was valid needed to be addressed at trial. Therefore, we find appellant's first assignment of error not well-taken.
In his second assignment of error, appellant argues that the trial court erred when it found that there had not been a valid assignment of the mortgage and note.
A summation of the evidence presented at the initial trial in this case was set forth in our prior judgment as follows:
 "The original grantee was Ohio Citizens Bank, successor-in-interest to National City Bank, and the original grantor was Melvin T. and Betty Stevens. The note and mortgage covered two parcels of land, with parcel two being the subject of this litigation. The Stevenses borrowed $40,000, for which the property served as collateral. Although Betty Stevens was a signator on the note and was listed as a grantor on the mortgage, she never took title to the property. The auditors cards also show Melvin Stevens as the sole owner of the property.
 "In 1993 the property was forfeited to the state of Ohio for failure to pay real property taxes. Betty Stevens had signed the certified mail notice regarding the foreclosure and had never told Melvin Stevens about the matter. He believed that his secretary was paying the real estate taxes as he had directed. However, he never sought to have the tax foreclosure set aside when he learned of the tax foreclosure.
 "Stevens first learned that he no longer had good title to the property when he attempted to sell parcel two to another individual. He learned at that time that the property had already been purchased at an auditor's sale by appellees. Appellees had purchased parcel two for $40 at an auditor's sale and title to the property was transferred by an auditor's deed filed October 12, 1993. The balance due on the Stevenses' note as of the auditor's sale was $15,032.38.
 "However, even after appellees had purchased parcel two, Melvin Stevens had continued to make payments on his note to the bank. At one point, he realized that he was no longer receiving two tax bills. Therefore, he made a $10,000 payment toward back taxes he assumed that he owed before he realized that he no longer had title to the property.
 "On September 14, 1994, the Stevens refinanced the property borrowing $10,043.02 under the assumption that Melvin Stevens owned the property at that time. The amount borrowed was the amount owing on the original note. Betty Stevens also signed as a debtor on this note. The original mortgage also served as the collateral for the new note. Appellees assert that this second note was a new installment note under the open-end mortgage, not a replacement note; however, the banking officer testified that the second note `replaced' the first note.
 "National City Bank assigned the mortgage deed and promissory note to Marvin K. Jacobs, Trustee, on September 22, 1995, following the payment of $4,560.90 by Melvin Stevens on September 15, 1995. This payment was the balance due on the second note. Jacobs specifically requested that the bank not stamp the note as paid nor release the mortgage. Jacobs considered the $4,560.90 payment as consideration for the assignment. Parcel one was sold October 12, 1995. Jacobs released the mortgage on that parcel at Betty Stevens' request, without any consideration.
 "Jacobs, as trustee, then demanded payment of the original promissory note balance as of the date that appellees purchased parcel two ($15,032.38). Appellees refused to pay."
On appeal, appellant argues that Marvin Steven's $4,560.90 payment was the consideration for the assignment of the note and mortgage to him as Trustee for Betty Stevens. Even if we viewed the payment as having come from both Marvin and Betty Stevens, this would still not provide consideration for the assignment. Appellant was the Trustee of a trust for the benefit of Betty Stevens. The trust is a separate and distinct entity from Betty Stevens. The money for the payment of the note did not come from the trust itself, but at most in part from its beneficiary. Appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by "dismissing" his complaint because there was consideration for the assignment of the note and mortgage. Since we have already held that the trial court did not err by finding that there was no consideration for the assignment, appellant's third assignment of error is also not well-taken.
In his fourth assignment of error, appellant asserts that the mortgage assigned to appellant is valid because it survived the assignment and in rem proceedings. This argument was not presented to the trial court for consideration and, therefore, cannot be addressed on appeal. Egan v. Natl. Distillers ChemicalCorp. (1986), 25 Ohio St.3d 176, 177-178. Appellant's fourth assignment of error is found not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, appellant is ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
 ____________________________ Peter M. Handwork, J., JUDGE
 James R. Sherck, J., Richard W. Knepper, P.J. JUDGES CONCUR.